UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HAPPY VALLEY ROAD LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-06115-LB<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: ECF No. 29 |

## INTRODUCTION

In an earlier order, the court dismissed plaintiff Happy Valley's claim under its insurance policy with Amguard for lost short-term-rental income incurred during the COVID-19 pandemic, in part because the insurance provision for "direct physical loss" does not cover the loss and in part because the plaintiff did not allege other requirements for coverage.[1] The California Supreme Court will hear the coverage question: whether "the actual or potential presence of the COVID-19 virus on an insured's premises constitute[s] 'direct physical loss or damage to property' for purposes of coverage under a commercial property insurance policy." *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 734 (9th Cir. 2022) (certifying issue to the Supreme Court);

---

[1] Order – ECF No. 25. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 22-cv-06115-LB

*Another Planet Ent., LLC v. Vigilant Ins. Co.*, No. S277893, 2023 Cal. LEXIS 1111, at *1 (Mar. 1, 2023) (accepting the certified question).

The plaintiff moved to stay the case until the California Supreme Court decides the issue.[2] The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies the motion because the plaintiff has not alleged the other requirements for coverage.

## ANALYSIS

In *Landis*, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. The competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[I]f there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

As the court's earlier order recounts, the plaintiff did not allege the requirements for coverage other than a direct physical loss, such as that the rented portion of the property was rendered unfit for habitation as a result of direct physical loss.[3] A stay to allow illumination of a disputed coverage provision makes no sense if the plaintiff cannot otherwise plead a viable claim. If the plaintiff does plead viable claims, then it may renew its motion to stay.

---

[2] Mot. – ECF No. 29.

[3] Order – ECF No. 25 at 11–12.

# CONCLUSION

The court denies the motion to stay. The plaintiff must file an amended complaint within 28 days and must attach a blackline compare of the amended complaint against the operative complaint. This resolves ECF No. 29.

**IT IS SO ORDERED.**

Dated: June 1, 2023

_____
LAUREL BEELER
United States Magistrate Judge