United States District Court
Northern District of California

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 San Francisco Division

11  HAPPY VALLEY ROAD LLC,              Case No. 3:22-cv-06115-LB

12            Plaintiff,                **ORDER DISMISSING CASE**

13       v.                            Re: ECF No. 46

14  AMGUARD INSURANCE COMPANY,

15            Defendant.

16

17                    **INTRODUCTION**

18       The plaintiff, Happy Valley Road LLC, owns and rents high-end residential real estate in

19  Orinda, California, primarily through short-term leases. The COVID-19 pandemic disrupted the

20  short-term-rental market, resulting in lost rental income. The plaintiff submitted a claim for lost

21  rental income for one property to its insurer, Amguard Insurance Company, alleging that the

22  COVID-19 virus was a covered "direct physical loss." Amguard denied the claim. The plaintiff

23  then sued to recover its lost rental income.

24       The court dismissed an earlier complaint claiming breach of contract and breach of the implied

25  covenant of good faith and fair dealing because (1) a policy that covers "direct physical loss" does

26  not cover losses incurred due to the COVID-19 pandemic, (2) the plaintiff did not allege the

27  remaining requirements for coverage under the policy, and (3) the plaintiff did not plausibly plead

28  a bad-faith claim. The court also denied the plaintiff's motion to stay the case until the California

ORDER – No. 22-cv-06115-LB

United States District Court
Northern District of California

1    Supreme Court decided the COVID-19 coverage question because — while that issue is

2    dispositive — the plaintiff had not alleged other requirements for coverage and thus had not

3    pleaded viable claims, even absent the COVID-19 coverage issue.

4         The plaintiff filed an amended complaint, raising the same claims but alleging additional facts

5    about its rental contract. The court dismisses the breach-of-contract claim with leave to amend by

6    October 31, 2023, to correct fact errors about the rental contract. At that point, the plaintiff may

7    renew its motion to stay. The court dismisses the breach-of-contract claim (to the extent it is

8    predicated on the Civil Authority Prohibits Use coverage) and the bad-faith claim with prejudice

9    because the plaintiff did not plausibly allege the claims or oppose Amguard's motion to dismiss

10    them.

11                                       **STATEMENT**

12         The plaintiff sued for its business losses on the ground that the presence of the virus on its

13    property and elsewhere in Orinda, "and the resulting governmental orders, cause[d] 'loss of use' and

14    'direct physical loss to property' within the meaning of those phrases" in the insurance policy.[1] The

15    next sections excerpt the relevant policy terms and summarize new facts in the amended complaint.

16

17    **1.  The Policy**

18         The plaintiff contends that its loss is covered under the policy's "Dwelling," "Dwelling Rental

19    Activities," "Broadened Home-Sharing Host Activities," and "Civil Authority Prohibits Use"

20    coverages.[2] The first three require a "direct physical loss" to the plaintiff's property and the last

21    requires direct physical loss to neighboring premises. (The policy does not contain a virus

22    exclusion.)

23

24

25

26

27    [1] Am. Compl. – ECF No. 43 at 6–7 (¶¶ 25–26). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28    [2] *Id.* at 6–7 (¶¶ 25–28), 23–26 (¶¶ 111–24).

**1.1 Coverages Requiring Direct Physical Loss to the Plaintiff's Premises**

The "Dwelling" coverage (Coverage A) covers "direct physical loss to property" and defines property as the insured's dwelling on the "residence premises," including attached structures.[3]

Under the "Dwelling Rental Coverage Endorsement" (Coverage D), the policy covers "lost rental value" if the insured has contracted with another person for "dwelling rental activities" for a specified period of time, and a "loss covered under Section I" (a "direct physical loss" to the property) "makes that part of the 'residence premises' used for such 'dwelling rental activities' not fit to live in during the period of time specified in such contract or agreement." The loss is covered only if it occurs after the date of the rental agreement. Payments to the insured are for the lost rental value specified in the rental agreement, less any discontinued expenses, and they are paid "for the shortest period of time agreed upon" in the rental agreement.[4]

Under the "Broadened Home-Sharing Host Activities Coverage Endorsement" (Coverage D), the policy covers "lost rental value" if the insured has entered into an agreement for "home-sharing host activities" with another person through a "home-sharing network platform," and a covered loss ("direct physical loss" to the property) "makes that part of the 'residence premises' . . . not fit to live in during the period of time specified in such contract or agreement." Payments to the insured are for the lost rental value specified in the rental agreement, less any discontinued expenses, and they are paid for "the shortest period of time agreed upon" in the relevant agreement.[5]

**1.2 Coverages Requiring Direct Physical Loss to Neighboring Premises**

The "Civil Authority Prohibits Use" coverage (Coverage D) provides that if a civil authority prevents the insured from using the "residence premises" "as a result of direct damage to neighboring premises by a Peril Insured Against, or due to an evacuation mandated by a civil authority that is caused by a covered peril," then the policy covers "Fair Rental Value" for up to two

---

[3] Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 25 (p. 22) (§ I.A.1(a)), 31 (p. 28) (§ I.A.1). Citations to the policy are first to the ECF number and then to the page number at the bottom center.

[4] *Id.* at 75 (p. 72) (§ I.D.2(a)).

[5] *Id.* at 82 (p. 79) (§ I.D.2(a)).

United States District Court
Northern District of California

1   weeks.[6] Put more plainly, the policy pays the fair rental value for up to two weeks if a civil-

2   authority order prohibits the plaintiff from using the property, the civil-authority order issues

3   because of damage at a neighboring property, and the damage to the neighboring property was

4   caused by "direct physical loss" to that property. Alternatively, the policy covers the rental value if

5   the plaintiff is prohibited from using its property by an evacuation order issued as a result of "direct

6   physical loss" to the neighboring property.

7

8   **2.  New Allegations in Amended Complaint**

9   The insured property is a home at 4134 Happy Valley Road in Orinda. It has six bedrooms and

10  seven baths. It is used only as a rental property and is occupied only by rental guests.[7]

11  "Both requirements for Coverage D — Loss of Use[] coverage have been met. First[,] the

12  named insured entered into a three-year contract with Rented.com to rent the . . . property for

13  $17,600 per month" from August 20, 2018, through August 20, 2021.[8] "On November 12, 2019,

14  citing terms of the contract and the COVID-19 crisis, Rented.com cancelled that contract."[9] The

15  plaintiff was unable to rent the property until June 22, 2020, and then only for three months for

16  $15,000 per month.[10] Second, "as indicated by the numerous government orders, as well as the

17  cancellation of the contract by Rented.com, the COVID-19 crisis rendered the insured property . . .

18  not fit to live in as required by the second prong of coverage."[11]

19

20

21

22

23

24

---

[6] *Id.* at 55 (p. 52) (§ I.D.3).

25  [7] Am. Compl. – ECF No. 43 at 23 (¶¶ 107–08).

26  [8] *Id.* at 26 (¶ 119) (citing Owner Agreement, Ex. F to *id.* – ECF No. 43-6).

[9] *Id.* (¶ 120).

27  [10] *Id.* (¶ 121) (citing Residential Lease, Ex. G to *id.* – ECF No. 43-7).

28  [11] *Id.* (¶ 122); *see also id.* at 25 (¶ 116).

ORDER – No. 22-cv-06115-LB                    4

*(left margin, vertical text:)* United States District Court / Northern District of California

### 3.  Procedural History

It is undisputed that the court has diversity jurisdiction under 28 U.S.C. § 1332.[12] The parties consented to magistrate jurisdiction under 28 U.S.C. § 636.[13] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

### STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[12] *Id.* at 7 (¶ 29), 8 (¶ 32).

[13] Consents – ECF Nos. 12, 13.

1    alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability

2    requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

3    *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

4    short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

5        If a court dismisses a complaint because of insufficient factual allegations, it should give leave

6    to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook,*

7    *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court

8    dismisses a complaint because its legal theory is not cognizable, the court should not give leave to

9    amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see*

10   *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to

11   amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal

12   theory if given the opportunity").

**ANALYSIS**

14       The court dismisses the claims: (1) the plaintiff did not state a claim for Dwelling Rental

15   Activities coverage or Broadened Home-Sharing Host Activities coverage; (2) it did not state a

16   claim for Civil Authority Prohibits Use coverage; and (3) it did not state a bad-faith claim.

17

18   **1.   Dwelling Rental Activities and Broadened Home-Sharing Host Activities Coverages**

19       As set forth in the Statement, there are two endorsements that provide coverage for "lost rental

20   value" if there is a covered loss: (1) the Dwelling Rental Coverage Endorsement, if there is a

21   contract with another person for "dwelling rental activities," and (2) the Broadened Home-Sharing

22   Host Activities Coverage Endorsement, if there is a contract for "home-sharing host activities"

23   with another person through a "home-sharing network platform."[14]

24       Preliminarily, the only asserted covered loss is a "direct physical loss" (in the form of the

25   COVID-19 pandemic) that rendered the property uninhabitable. The court relies on its previous

26

27

---

28   [14] *See supra* Statement (excerpting policy language).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    analysis: the actual or potential presence of the COVID-19 virus is not a covered loss.[15] That

2    conclusion is dispositive of the claims unless the California Supreme Court, which is considering

3    the issue, decides otherwise. *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 734 (9th

4    Cir. 2022) (certifying issue to the Supreme Court); *Another Planet Ent., LLC v. Vigilant Ins. Co.*,

5    No. S277893, 2023 Cal. LEXIS 1111, at *1 (Mar. 1, 2023) (accepting the certified question).

6        The court previously denied the plaintiff's motion to stay the case pending the Supreme

7    Court's decision because the plaintiff had not pleaded other predicates to coverage, including the

8    existence of a rental contract: "[a] stay to allow illumination of a disputed coverage provision

9    makes no sense if the plaintiff cannot otherwise plead a viable claim."[16] The next issue thus is

10   whether the plaintiff pleaded plausibly that there is a predicate contract that triggers coverage,

11   meaning, a standard landlord-tenant contract (resulting in coverage under the Dwelling Rental

12   Coverage Endorsement) or rental through a platform like Airbnb (resulting in coverage under the

13   Broadened Home-Sharing Host Activities Coverage Endorsement).

14       The plaintiff identifies its agreement with Rented.com for a three-year rental for the insured

15   property at 4134 Happy Valley Road (from August 20, 2018, to August 20, 2021) at a monthly

16   rental of $17,600.[17] The parties to the agreement are property owner Rajiv Gosain, property

17   manager at Utopian LVH, Inc., and VacationFutures, Inc. d/b/a Rented.com.[18] Rented.com

18   cancelled the contract on November 12, 2019, "citing terms of the contract and the COVID-19

19

20

---

21   [15] Order – ECF No. 25 at 5–8 (analyzing and following, among other cases, *United Talent Agency v.*

22   *Vigilant Ins. Co.*, 77 Cal. App. 5th 821, 838 (2022)). The court does not repeat the analysis and instead incorporates it fully into this order by this reference. The plaintiff did not allege in either complaint

23   that the property was unfit to live in, other than to say that the presence of the virus renders the property uninhabitable. *Id.* at 12; Am. Compl. – ECF No. 43 at 17 (¶ 73). It did not cite any cases to

24   counter the weight of authority concluding that the presence of the virus does not render a property uninhabitable. *See, e.g.*, *United Talent*, 77 Cal. App. 5th at 838; *Barbizon Sch. of S.F., Inc. v. Sentinel*

25   *Ins. Co.*, 530 F. Supp. 3d 879, 890–91 (N.D. Cal. 2021); *see also* Mot. – ECF No. 46 at 17–20 (analyzing and collecting cases holding that the pandemic is not a direct physical loss that rendered

26   property uninhabitable); Reply – ECF No. 50 at 11–13 (same).

     [16] Order – ECF No. 25 at 8–11; Order – ECF No. 42 at 2.

27   [17] Am. Compl. – ECF No. 43 at 23 (¶ 107), 26 (¶ 119).

28   [18] Owner Agreement, Ex. F to Am. Compl. – ECF No. 43-6 at 2.

     ORDER – No. 22-cv-06115-LB                    7

1    crisis."[19] The plaintiff was unable to rent the property until June 22, 2020, and then only for a

2    three months for $15,000 per month.[20]

3        First, Amguard points out that the named insured (and the plaintiff here) is Happy Valley, and

4    the complaint says nothing about Mr. Gosain.[21] Happy Valley counters with a sworn declaration

5    and an assignment establishing that Mr. Gosain assigned the contract to Happy Valley.[22] The court

6    can consider the complaint's allegations, facts subject to judicial notice, or facts under the

7    incorporation-by-reference doctrine. Fed. R. Evid. 201 (judicial notice); *Knievel v. ESPN*, 393

8    F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine). It cannot otherwise

9    consider facts presented as part of the briefing process. *Arpin v. Santa Clara Valley Transp.*

10   *Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D.

11   Cal. 2005) ("The court cannot consider material outside the complaint (e.g., facts presented in

12   briefs, affidavits or discovery materials).") (quoting Schwarzer, Tashima & Wagstaffe, Rutter

13   Group Prac. Guide: Fed. Civ. Pro. Before Trial § 9:211 (The Rutter Grp. 2004)) (cleaned up). But

14   the plaintiff can cure the issue by amending the complaint.

15       Second, Amguard contends that it is not plausible that Rented.com cancelled the contract in

16   November 2019, a time that precedes the pandemic. That timeframe also means that the claim is

17   not timely because the policy requires any lawsuit to be filed "within two years after the date of

18   loss," and the plaintiff did not file its first lawsuit until March 16, 2022.[23] The plaintiff responds

19   that it made a mistake: Mr. Gosain, Happy Valley's principal, was dealing with his father's illness

20   and ultimate death in India and misspoke. He will be back in the U.S. by September and can

21   correct the errors.[24] So again, the plaintiff can cure the issue by amending the complaint.

22

23   [19] Am. Compl. – ECF No. 43 at 26 (¶ 120).

24   [20] *Id.* (¶ 121); Residential Lease, Ex. G to *id.* – ECF No. 43-7.

25   [21] Mot. – ECF No. 46 at 14.

26   [22] Opp'n – ECF No. 49 at 10; Greschner Decl. – ECF No. 49-1 at 2 (¶ 3); Assignment, Ex. 1 to
     Greschner Decl. – ECF No. 49-2.

27   [23] Mot. – ECF No. 46 at 15–16; Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 38 (p. 35) (§ I.H);
     Am. Compl. – ECF No. 43 at 8 (¶ 37) (complaint filed on March 16, 2022).

28   [24] Opp'n – ECF No. 49 at 11; Greschner Decl. – ECF No. 49-1 at 2 (¶¶ 4–8).

United States District Court
Northern District of California

1    Assuming that the plaintiff cures these deficiencies by amendment, there is a predicate contract.

2

3    **2.  Civil Authority Prohibits Use Coverage**

4    The plaintiff also did not allege a viable claim under the Civil Authority Prohibits Use

5    coverage because it did not allege any facts establishing the elements: (1) a civil-authority order

6    prohibited the plaintiff's use of its property; (2) the civil-authority order was issued because of

7    damage at a neighboring property; and (3) the damage to the neighboring property was caused by

8    direct physical loss to the property.[25] The plaintiff did not respond to Amguard's motion to

9    dismiss the claim in the earlier complaint or this complaint.[26] The court dismisses the breach-of-

10   contract claim with prejudice to the extent that it is predicated on the Civil Authority Prohibits Use

11   coverage.

12

13   **3.  Breach of the Covenant of Good Faith and Fair Dealing**

14   The plaintiff also did not oppose Amguard's motion to dismiss the claim for breach of the

15   implied covenant of good faith and fair dealing.[27] The court relies on its previous analysis: under the

16   weight of authority, the plaintiff did not plausibly allege the claim.[28] The court dismisses the claim

17   with prejudice.

18                                                    **CONCLUSION**

19   The court dismisses the breach-of-contract claim — to the extent it is predicated on the

20   Dwelling Rental Coverage Endorsement and the Broadened Home-Sharing Host Activities

21   Coverage Endorsement — with leave to amend to cure the fact errors. The court otherwise

22   dismisses the claim with prejudice and also dismisses the bad-faith claim with prejudice.

23

24

25

26   [25] *See supra* Statement (setting forth provision).

     [26] Order – ECF No. 25 at 12; Mot. – ECF No. 46 at 18; *see generally* Opp'n – ECF No. 49.

27   [27] Mot. – ECF No. 46 at 20; *see generally* Opp'n – ECF No. 49.

28   [28] Order – ECF No. 25 at 12–14.

United States District Court
Northern District of California

1        Given Mr. Gosain's travel schedule, the amended complaint must be filed by October 31, 2023.

2    The plaintiff must attach a blackline compare of the amended complaint against the current

3    complaint. The plaintiff may renew his motion to stay when he files the amended complaint.

4        This resolves ECF No. 46.

5    **IT IS SO ORDERED.**

6    Dated: September 21, 2023

7    _____

8    LAUREL BEELER
    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

ORDER – No. 22-cv-06115-LB                    10