UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HAPPY VALLEY ROAD LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-06115-LB<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY**<br><br>Re: ECF Nos. 65, 63 |

## INTRODUCTION

The plaintiff, Happy Valley Road LLC, owns and rents residential real estate in Orinda, California, primarily through short-term leases. The COVID-19 pandemic disrupted the short-term-rental market, resulting in lost rental income. The plaintiff submitted a claim for lost rental income for one property to its insurer, Amguard Insurance Company, alleging that the COVID-19 virus was a covered "direct physical loss." Amguard denied the claim. The plaintiff then sued for breach of contract and bad faith to recover its lost rental income under the insurance contract.

The court dismissed two earlier complaints. The main reason was that the only asserted loss is a "direct physical loss" in the form of the COVID-19 pandemic. But the weight of authority

establishes that the actual or potential presence of the COVID-19 virus is not a covered loss.[1] The court ordinarily would have stayed the case: the California Supreme Court is considering whether "the actual or potential presence of the COVID-19 virus on an insured's premises constitue[s] 'direct physical loss or damage to property' for purposes of coverage under a commercial property insurance policy[.]" *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 734 (9th Cir. 2022) (certifying issue to the Supreme Court); *Another Planet Ent., LLC v. Vigilant Ins. Co.*, No. S277893, 2023 Cal. LEXIS 1111, at *1 (Mar. 1, 2023) (accepting the certified question). But the defendants moved to dismiss because the plaintiff had not alleged the remaining requirements for coverage under the policy or plausibly plead a bad-faith claim.[2]

In its last order, the court dismissed with prejudice the breach-of-contract claim (to the extent it was predicated on the Civil Authority Prohibits Use coverage) and the bad-faith claim.[3] The remaining claim was a breach-of-contract claim for denial of coverage based on two endorsements that provide coverage (assuming a covered loss) for "lost rental value:" (1) the Dwelling Rental Coverage Endorsement, if there is a contract with another person for "dwelling rental activities," and (2) the Broadened Home-Sharing Host Activities Coverage Endorsement, if there is a contract for "home-sharing host activities" with another person through a "home-sharing network platform."[4] The court dismissed the claim with leave to amend to allege the existence of a contract.[5]

The defendant moved to dismiss the amended complaint on the ground that the plaintiff failed to plead the requirements for coverage in the form of a contract for "dwelling rental activities" or "home sharing activities."[6] But the amended complaint at least presents a disputed issue of fact whether

---

[1] Order – ECF No. 25 at 6–8 (analyzing issue); Order – ECF No. 56 at 6–7. The court does not repeat the earlier analysis and instead incorporates it fully by this reference. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 56 at 1–2.

[3] *Id.* at 2, 9–10.

[4] *Id.* at 6–7 (quoting the policy language excerpted in the Statement).

[5] *Id.* at 6–9.

[6] Mot. – ECF No. 19 at 19–22; *see also id.* at 14–19 (reiterating argument that the allegations about COVID-19 did not plausibly plead a covered loss). Again, the court relies on its earlier analysis and does not repeat it: the weight of authority — absent a holding to the contrary by the California

there is a rental agreement with Rented.com. The court denies the motion to dismiss. Because the competing interests under *Landis v. N. Am. Co.* now favor a stay, the court stays the case pending the California court's resolution of the covered-loss issue. 299 U.S. 248, 254–55 (1936).

## STATEMENT

The plaintiff sued for its business losses on the ground that the presence of the virus meant that it could not rent its property.

### 1. The Policy

The plaintiff contends that its loss is covered under the policy's "Dwelling," "Dwelling Rental Activities," and "Broadened Home-Sharing Host Activities" coverages.[7] They require a "direct physical loss" to the plaintiff's property.

The "Dwelling" coverage (Coverage A) covers "direct physical loss to property" and defines property as the insured's dwelling on the "residence premises," including attached structures.[8]

Under the "Dwelling Rental Coverage Endorsement" (Coverage D), the policy covers "lost rental value" if the insured has contracted with another person for "dwelling rental activities" for a specified period of time, and a "loss covered under Section I" (a "direct physical loss" to the property) "makes that part of the 'residence premises' used for such 'dwelling rental activities' not

---

Supreme Court — is not a covered loss. Order – ECF No. 25 at 6–8; *see also* Mot. – ECF No. 65 at 15–16 & App. A, *id.* at 25–27 (collecting cases). The defendant also contends that the plaintiff rented the property for three months, it thus was not rendered uninhabitable, the plaintiff did not plead the presence of the virus, and the plaintiff did not plead that any presence of the virus rendered the property uninhabitable. Mot. – ECF No. 65 at 17–19 (citing the Second Am. Compl. (SAC)). At oral argument, the plaintiff pointed to its allegations in paragraphs 5, 67, 72, and 92 of the amended complaint. This issue alone does not militate against staying the case until the California Supreme Court decides whether the actual or potential presence of the COVID-19 virus is a covered loss.

[7] Order – ECF No. 56 at 2 (citing Am. Compl. – ECF No. 43 at 6–7 (¶¶ 25–28), 23–26 (¶¶ 111–24)). For efficiency, the court cites the earlier order, which quotes the relevant insurance provisions. The provisions are the same in the current and previous complaints. *See* Blackline Compare of FAC against the Am. Compl. – ECF No. 61-8 at 7–8, 25–29).

[8] Order – ECF No. 56 at 3 (citing Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 25 (p. 22) (§ I.A.1(a)), 31 (p. 28) (§ I.A.1)). Citations to the policy are first to the ECF number and then to the page number at the bottom center.

fit to live in during the period of time specified in such contract or agreement." The loss is covered only if it occurs after the date of the rental agreement. Payments to the insured are for the lost rental value specified in the rental agreement, less any discontinued expenses, and they are paid "for the shortest period of time agreed upon" in the rental agreement.[9]

Under the "Broadened Home-Sharing Host Activities Coverage Endorsement" (Coverage D), the policy covers "lost rental value" if the insured has entered into an agreement for "home-sharing host activities" with another person through a "home-sharing network platform," and a covered loss ("direct physical loss" to the property) "makes that part of the 'residence premises' . . . not fit to live in during the period of time specified in such contract or agreement." Payments to the insured are for the lost rental value specified in the rental agreement, less any discontinued expenses, and they are paid for "the shortest period of time agreed upon" in the relevant agreement.[10]

## 2. The Earlier Order

The earlier order said this about the policy endorsements.[11]

> As set forth in the Statement, there are two endorsements that provide coverage for "lost rental value" if there is a covered loss: (1) the Dwelling Rental Coverage Endorsement, if there is a contract with another person for "dwelling rental activities," and (2) the Broadened Home-Sharing Host Activities Coverage Endorsement, if there is a contract for "home-sharing host activities" with another person through a "home-sharing network platform."[12]
>
> [Reiteration of analysis that there is no covered loss based on the actual or potential presence of the COVID-19 virus]
>
> . . .
>
> [If there were a covered loss, then] "[t]he next issue [] is whether the plaintiff pleaded plausibly that there is a predicate contract that triggers coverage, meaning, a standard landlord-tenant contract (resulting in coverage under the Dwelling Rental Coverage Endorsement) or rental through a platform like Airbnb (resulting

---

[9] *Id.* (citing Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 75 (p. 72) (§ I.D.2(a)).

[10] *Id.* (citing Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 82 (p. 79) (§ I.D.2(a)).

[11] Order – ECF No. 56 at 6–8.

[12] *Id.* at 6 (citing Statement, which excerpted the policy language).

in coverage under the Broadened Home-Sharing Host Activities Coverage Endorsement).[13]

The plaintiff identifies its agreement with Rented.com for a three-year rental for the insured property at 4134 Happy Valley Road (from August 20, 2018, to August 20, 2021) at a monthly rental of $17,600.[14] The parties to the agreement are property owner Rajiv Gosain, property manager at Utopian LVH, Inc., and VacationFutures, Inc. d/b/a Rented.com.[15] Rented.com cancelled the contract on November 12, 2019, "citing terms of the contract and the COVID-19 crisis."[16] The plaintiff was unable to rent the property until June 22, 2020, and then only for a three months for $15,000 per month.[17]

First, Amguard points out that the named insured (and the plaintiff here) is Happy Valley, and the complaint says nothing about Mr. Gosain.[18] Happy Valley counters with a sworn declaration and an assignment establishing that Mr. Gosain assigned the contract to Happy Valley.[19] The court can consider the complaint's allegations, facts subject to judicial notice, or facts under the incorporation-by-reference doctrine. Fed. R. Evid. 201 (judicial notice); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine). It cannot otherwise consider facts presented as part of the briefing process. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005) ("The court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials).") (quoting Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial § 9:211 (The Rutter Grp. 2004)) (cleaned up). But the plaintiff can cure the issue by amending the complaint.

Second, Amguard contends that it is not plausible that Rented.com cancelled the contract in November 2019, a time that precedes the pandemic. That timeframe also means that the claim is not timely because the policy requires any lawsuit to be filed "within two years after the date of loss," and the plaintiff did not file its first lawsuit until March 16, 2022.[20] The plaintiff responds that it made a mistake: Mr. Gosain, Happy Valley's principal, was dealing with his father's illness and ultimate death in

---

[13] *Id.* at 7.

[14] *Id.* (citing Am. Compl. – ECF No. 43 at 23 (¶ 107), 26 (¶ 119)).

[15] *Id.* (citing Owner Agreement, Ex. F to Am. Compl. – ECF No. 43-6 at 2)).

[16] *Id.* at 7–8 (citing Am. Compl. – ECF No. 43 at 26 (¶ 120)).

[17] *Id.* at 8 (citing Am. Compl. – ECF No. 26 at 26 (¶ 121); Residential Lease, Ex. G to *id.* – ECF No. 43-7)).

[18] *Id.* (citing Mot. – ECF No. 46 at 14).

[19] *Id.* (citing Opp'n – ECF No. 49 at 10; Greschner Decl. – ECF No. 49-1 at 2 (¶ 3); Assignment, Ex. 1 to Greschner Decl. – ECF No. 49-2).

[20] *Id.* (citing Mot. – ECF No. 46 at 15–16; Policy, Ex. A to Kronenberg Decl. – ECF No. 9-1 at 38 (p. 35) (§ I.H); Am. Compl. – ECF No. 43 at 8 (¶ 37) (complaint filed on March 16, 2022)).

> India and misspoke. He will be back in the U.S. by September and can correct the errors.[21] So again, the plaintiff can cure the issue by amending the complaint.
>
> Assuming that the plaintiff cures these deficiencies by amendment, there is a predicate contract.[22]

The court thus gave leave to amend to allege a predicate contract.[23]

### 3. Relevant Allegations in FAC

The property at issue is plaintiff Happy Valley's residential property at 4134 Happy Valley Road, Orinda, California.[24]

On October 7, 2018, Rajiv Gosain (the only principal of plaintiff Happy Valley) entered into a three-year contract with Rented.com to rent the property for $17,600 per month. The term was August 20, 2018, to August 20, 2021.[25] On October 15, 2018, Mr. Gosain assigned the Rented.com agreement to plaintiff Happy Valley.[26] In April 2020, Rented.com cancelled the contract due to the COVID-19 pandemic.[27] On June 22, 2020, plaintiff Happy Valley entered into a new contract with Rented.com for three months at a lower monthly rental, resulting in lower rental income.[28]

### 4. Procedural History

It is undisputed that the court has diversity jurisdiction under 28 U.S.C. § 1332.[29] The parties consented to magistrate jurisdiction under 28 U.S.C. § 636.[30] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

---

[21] *Id.* (citing Opp'n – ECF No. 49 at 11; Greschner Decl. – ECF No. 49-1 at 2 (¶¶ 4–8)).

[22] *Id.* at 9.

[23] *Id.*

[24] SAC – ECF No. 61 at 21 (¶ 98).

[25] *Id.* at 25 (¶ 115) & Owner Agreement, Ex. F to *id.* – ECF No. 61-6 (granting exclusive property-rental rights).

[26] SAC – ECF No. 61 at 25 (¶¶ 116–17).

[27] *Id.* (¶ 118).

[28] *Id.* (¶ 1190)

[29] SAC – ECF No. 61 at 7 (¶¶ 28, 31).

[30] Consents – ECF Nos. 12, 13.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to

amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

## ANALYSIS

The court held previously that there is no covered loss. If there were, then there are two endorsements that provide coverage for "lost rental value:" (1) the Dwelling Rental Coverage Endorsement, if there is a contract with another person for "dwelling rental activities," and (2) the Broadened Home-Sharing Host Activities Coverage Endorsement, if there is a contract for "home-sharing host activities" with another person through a "home-sharing network platform."[31]

The defendant contends that the "Owner Agreement" with Rented.com is not a rental agreement and instead is an owner agreement that transfers the power to rent the insured property to Rented.com for $17,600 per month.[32] The plaintiff counters that this is a rental contract: on October 7, 2018, Mr. Gosain contracted with Rented.com to rent the property (essentially giving it the upside for any rent that exceeded $17,600 and assuming the risk for any rent that did not). (That interest was assigned to Happy Valley on October 15, 2023.)[33] It asserts that this is a rental agreement. Thus, when Amguard issued the policy effective November 2, 2019, there was a rental agreement in effect.[34] The plaintiff cites the policy's "Recap of Underlying Policy Information," which reflects "Type of occupancy—held for rent."[35] It points to the inclusion — by the Dwelling Rental Coverage Endorsement" and the Broadened Home-Sharing Host Activities Endorsement — of the term "held for rent:" (1) the first endorsement defines "dwelling rental activities" as

---

[31] *See supra* Statement (excerpting policy language).

[32] Mot. – ECF No. 65 at 20–21.

[33] Opp'n – ECF No. 71 at 9.

[34] *Id.* (citing Policy).

[35] *Id.* at 11 (citing Policy – ECF No. 63-1 at 13 (p. 8)). (The plaintiff cites to a version at a different place on the docket.)

ORDER – No. 22-cv-06115-LB                     8

1  "[t]he rental or holding for rental," and (2) the second endorsement defines "home-sharing host
2  activities" as "[t]he rental or holding for rental."[36]

3  At least on this record and argument, the agreement looks like a rental agreement that has
4  coverage under the subsequently issued insurance contact. The defendant cites no cases that allow
5  the court to conclude as a matter of law that it is not. Again on this record and argument, whether
6  it is a rental agreement is a fact dispute.

7  The court's earlier order set forth the standard under *Landis* for staying the case.[37] 299 U.S. at
8  254–55. Applying that standard, the court weighs the competing interests and stays the case. The
9  plaintiff plausibly pleads a claim. The possible damage to Amguard for a stay is outweighed by
10 the hardship to the plaintiff to go forward and the orderly course of justice in the form of
11 resolution of a question of law that will resolve the covered loss issue.[38]

### CONCLUSION

The court denies the motion to dismiss and grants the motion to stay.

This resolves ECF Nos. 63 and 65.

**IT IS SO ORDERED.**

Dated: February 2s, 2024

_____
LAUREL BEELER
United States Magistrate Judge

---

[36] *Id.* at 11 (quoting endorsements); *see supra* Statement (excerpting policy).
[37] Order – ECF No. 42 at 2.
[38] *Id.* (citing relevant authority).